# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| CHARLES M. GREENE, ) <br> Individually and on behalf of all those ) <br> similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE TERMINIX INTERNATIONAL ) <br> COMPANY LIMITED PARTNERSHIP, ) <br> ) <br> ) <br> Defendant. ) | Case No. _____ <br><br> **CLASS ACTION** |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant The Terminix International Company, L.P. ("Defendant" or "Terminix"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441, 1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of all defenses, provides notice of its removal of the above-styled action from the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. In support of removal, Terminix states as follows:

## INTRODUCTION

1. Plaintiff Charles M. Greene ("Plaintiff"), individually and purportedly on behalf of others similarly situated, filed a class action Complaint (the "Complaint") on or about December 9, 2021 in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida. (*See* Ex. A, Compl.)[1] Plaintiff asserts claims for breach of contract, unjust enrichment, violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and violation of the Florida Consumer Collection Practices Act ("FCCPA") against Terminix arising out of Terminix's purported retention of fees for his and the putative class members' allegedly canceled contracts. (*See id.* ¶¶ 1, 53–79.)

2. Terminix timely filed its Answer on January 5, 2022. (*See* Ex. A, Answer.)

3. Terminix denies Plaintiff's allegations, denies that the putative class should be certified, and denies that Plaintiff and the putative class members suffered any harm as a result of Terminix's alleged conduct. Nothing in this Notice of Removal constitutes an admission of any allegation in the Complaint or a waiver of any defense, argument, or principle of equity available to Terminix.[2] Subject to and

---

[1] All process, pleadings, orders, and other papers filed in state court are attached hereto collectively as Exhibit A. *See* 28 U.S.C. § 1446(a).

[2] In particular, Terminix explicitly reserves its right to compel this case to arbitration and files this notice of removal without prejudice to that right.

without waiving the foregoing, Terminix now removes the state-court action to this Court.

4. Terminix has satisfied the procedural requirements for removal under 28 U.S.C. § 1446.

5. The jurisdictional requirements under CAFA are met: (i) this is a class action composed of thousands of putative class members; (ii) at least one of the putative class members, Plaintiff, is—upon information and belief—a citizen of Florida, a State that is different than the States of which Terminix is a citizen; and (iii) the amount in controversy, exclusive of interest and costs, exceeds $5,000,000.

**TERMINIX HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446**

6. Venue is proper in this Court because Plaintiff originally filed this action in the Circuit Court for the 11th Judicial Circuit, in and for Miami-Dade County, Florida, and the United States District Court for the Southern District of Florida, Miami Division, is the "district court of the United States for the district and division within which [the state-court action] is pending." 28 U.S.C. § 1446(a); *see* 28 U.S.C.A. § 89; 28 U.S.C.A. § 1453.

7. Removal is timely pursuant to 28 U.S.C. § 1446(b)(1). The Complaint was filed on December 9, 2021 and was served by process server on Terminix's

registered agent on December 16, 2021. Thus, this Notice of Removal is timely because it is filed within thirty days of service of the Complaint.

8. Pursuant to 28 U.S.C. § 1446(d), Terminix is serving a copy of this Notice of Removal upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Circuit Court for the 11th Judicial Circuit, in and for Miami-Dade County, Florida.

9. Terminix reserves the right to amend or supplement this Notice of Removal.

10. If any question arises as to the propriety of the removal of this action, Terminix requests the opportunity to present a brief and requests oral argument in support of removal.

11. As shown below, this case is removable to federal court pursuant to CAFA.

## THIS CASE IS REMOVABLE UNDER CAFA

12. Terminix may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

13. Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."

28 U.S.C. § 1332(d)(2)(A).  In addition, there must be 100 or more members in the proposed plaintiff classes.  *See* 28 U.S.C. § 1132(d)(5)(B); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014) ("CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million.").

14. A notice of removal need only provide "a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  The rule governing the content of a notice of removal, 28 U.S.C. § 1446, "[t]racks the general pleading requirement[s] stated in [Fed. R. Civ. P.] 8(a)," and submission of proof is only necessary if the allegations in the notice of removal are contested.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").  The requirements for removal are satisfied here.

A. **This is a class action composed of more than 100 alleged class members.**

15. Under CAFA, the term "class action" means "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule

of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1132(d)(1)(B).

16.     This is a "class action" within the meaning of CAFA because Plaintiff filed his Complaint pursuant to Florida Rule of Civil Procedure 1.220, a rule similar to Federal Rule of Civil Procedure 23, on behalf of himself and putative classes as defined in the Complaint. (*See* Ex. A, Compl. ¶¶ 42–52); *compare* Fla. R. Civ. P. 1.220, *with* Fed. R. Civ. P. 23.

17.     The 100-class-member requirement is likewise satisfied because Plaintiff alleges that members of the purported classes number "in excess of five thousand (5,000) putative members." (Ex. A, Compl. ¶ 45.)

### B. There is minimal diversity between members of the plaintiff class and Terminix.

18.     Under CAFA, minimal diversity is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A).

19.     Terminix is a Delaware limited partnership that has its principal place of business in Tennessee. Section 1332(d) explains that, "[f]or purposes of this subsection [addressing CAFA diversity jurisdiction] and section 1453 [addressing CAFA removals], an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C.A. § 1332(d)(10). Terminix, a limited partnership, is thus

a citizen of Delaware and of Tennessee. *See id.*; *see also Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 705 (4th Cir. 2010) (concluding that "'unincorporated association' in § 1332(d)(10) refers to all non-corporate business entities").[3]

20. Named Plaintiff Charles M. Greene is alleged to be a resident of the State of Florida. (*See* Ex. A, Compl. ¶ 7.) Upon information and belief, Plaintiff Charles M. Greene is a citizen of Florida. Moreover, Plaintiff seeks to represent classes comprised of "persons or entities with Florida service addresses," "Florida persons or entities with Florida service addresses," and "persons or entities, nationwide." (Ex. A, Compl. ¶ 42.) Upon information and belief, numerous

---

[3] Under the traditional analysis of citizenship in non-CAFA diversity cases, the result would be the same. Defendant is a Delaware limited partnership with one general partner, TMX Holdco, Inc., and one limited partner, The Terminix Company, LLC. For purposes of non-CAFA diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. *See Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–196 (1990). TMX Holdco, Inc. is incorporated in the State of Delaware and has its principal place of business in Tennessee, and it is thus a citizen of Delaware and Tennessee. The Terminix Company, LLC is a Delaware limited liability company. For purposes of non-CAFA diversity of citizenship, the citizenship of a limited liability company is determined by the citizenship of all its members. *See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam). The sole member of The Terminix Company, LLC is CDRSVM Holding, LLC which, in turn, is a Delaware limited liability company whose sole member is CDRSVM Investment Holding, LLC. CDRSVM Investment Holding, LLC is, in turn, a Delaware limited liability company whose sole member is Terminix Global Holdings, Inc. Terminix Global Holdings, Inc. is incorporated in the State of Delaware and has its principal place of business in Tennessee. Accordingly, The Terminix Company, LLC (the limited partner of Defendant) is also a citizen of Delaware and Tennessee. As both the general partner—TMX Hold Co, Inc.—and the limited partner—The Terminix Company, LLC—are both citizens of Delaware and Tennessee, Defendant is also a citizen of Delaware and Tennessee under traditional principles of non-CAFA diversity jurisdiction.

members of the putative classes are citizens of states other than Tennessee and Delaware.

21.     Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A) because Plaintiff is a citizen of Florida and because numerous members of the proposed classes are citizens of states other than Delaware and Tennessee, the states of which Terminix is a citizen.  *See* 28 U.S.C. § 1332(d)(2)(A); *see also* 28 U.S.C. § 1332(d)(1)(D) ("[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.").

### C. The matter in controversy exceeds $5,000,000.

22.     Plaintiff brings claims under theories of breach of contract and/or unjust enrichment, violations of the FDUTPA, and violations of the FCCPA and seeks, *inter alia*, actual damages, restitution, costs, attorney's fees, and FCCPA statutory damages.  (*See* Ex. A, Compl. ¶¶ 62, 66, 72, 79.)

23.     Plaintiff does not allege a specific amount of damages in the Complaint, though he does allege that the actual and statutory damages are "in excess of thirty thousand dollars ($30,000.00) exclusive of interest, attorneys' fees, and costs."  (Ex. A, Compl. ¶ 4.)  Plaintiff also alleges that he was entitled to be refunded $322.31 for the cancelled service contract, and elsewhere alleges that "Terminix, in a sworn

affidavit, acknowledged that Plaintiff Greene was entitled to a refund in the amount of three hundred forty-five dollars ($345.00)." (Ex. A, Compl. ¶¶ 17, 20.)

24. It is unclear whether Plaintiff alleges that his own claims exceed $30,000 or that the collective amount in controversy for the claims of all putative class members exceeds $30,000. If the former, then it is clear that this putative class action creates an amount in controversy that exceeds $5,000,000 assuming only the minimum 5,000 class membership that Plaintiff alleges, (*see* Ex. A, Compl. ¶ 45), and that the purported value of the claims of other class members mirrors the purported value of Plaintiff's (*i.e.*, 5,000 x $30,000 = $150,000,000). *See Day v. Sarasota Drs. Hosp., Inc.*, No. 8:19-CV-1522-T-33TGW, 2020 WL 5758003, at *5 (M.D. Fla. Sept. 28, 2020) (assuming that putative class members were overcharged by approximately the same amount as named plaintiff and finding $5 million amount in controversy met); *Perret v. Wyndham Vacation Resorts, Inc.*, No. 11-CV-61904, 2012 WL 592171, at *2 & n.3 (S.D. Fla. Feb. 22, 2012).

25. If rather than pleading that the value of his own personal claims exceeds $30,000, Plaintiff has instead alleged that the damages sought class-wide exceed $30,000, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

26. The claims of the individual class members, when aggregated, result in an amount in controversy that exceeds $5,000,000, excluding interest and costs. *See* 28 U.S.C. § 1332(d)(6). In assessing this requirement, "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka*, 608 F.3d at 751 (quoting *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir.2009)).

27. The Supreme Court has made clear that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019).

28. Plaintiff seeks to represent a "Breach of Contract/Unjust Enrichment Class" of "[a]ll persons or entities, nationwide, who cancelled their annual service contract with Terminix prior to the expiration of its term and did not receive a prorated refund, within the five (5) years prior to the filing of this Action."[4] (Ex. A, Compl. ¶ 42.)

---

[4] Plaintiff also seeks to represent two other classes: (A) a "FDUTPA Class" of "[a]ll persons or entities with Florida service addresses who cancelled their annual service with Defendant Terminix prior to the expiration of its term and did not receive a prorated refund, within the four (4) years prior to the filing of this Action"; and (B) a "FCCPA Class" of "[a]ll Florida persons or entities with Florida service addresses charged by Defendant Terminix or for whom Defendant Terminix retained one-years' worth of fees for less than one-years' worth of service within the two (2) years prior to the filing of this Action." (Ex. A, Compl. ¶ 42.) Damages available to these classes are not explored because the nationwide class suffices to establish the

29. Plaintiff alleges, *inter alia*, that Terminix "systematically retains annual fees after service is cancelled prior to the expiration of the one (1) year term." (Ex. A, Compl. ¶ 57.)[5]

30. As established in the Declaration of Aaron Allred ("Allred Declaration") attached as Exhibit B, at least 195,026 customers in the United States canceled annual contracts for termite services with Terminix prior to the expiration of their term during the five years preceding the filing of this Action. (*See* Ex. B, Allred Declaration.) The average annual renewal rate charged to those customers for the year in which they cancelled their respective contracts was $346.83. (*See id.*) If those 195,026 customers had sought and been denied a pro-rated refund for only *one* month of their respective renewal fees (an average of $28.90 each), then this would total more than $5.6 million, easily exceeding the $5 million minimum. (*See*

---

requisite amount in controversy, but Terminix notes that Plaintiff also seeks attorney's fees under both the FCCPA and the FDUTPA and also seeks statutory damages under the FCCPA. (*See id.* at ¶¶ 62, 66.)

[5] *See also id.* at ¶¶ 2–3 ("Terminix enters into year-long service contracts, which are cancelable at-will . . . . Shockingly, however, despite expressly acknowledging that refunds are required under the above-described circumstances, Defendant Terminix retains these funds as undue profit."); *id.* at ¶¶ 27–29 ("Defendant's charge and retention of fees for cancelled contracts is deceptive, unfair, and contrary to established public policy, because Defendant represents that the fees charged are for a year's worth of services, yet Defendant retains the full amount of fees even when the contract is cancelled prior to a full year term. . . . Defendant has engaged and continues to engage in a pattern of unfair, unconscionable, and deceptive acts or practices . . . ."); *id.* at ¶¶ 39–40 ("In the simplest of terms, it is undisputed that Defendant Terminix entered into a contract with Plaintiff Greene and the rest of the Class to render services on an annual basis . . . . Defendant Terminix acknowledges the refund requirement, but refuses to adhere to It.")

*id.*)  Moreover, Terminix's records indicate that customers cancel their annual contracts for termite services at various times during their respective twelve-month terms, indicating that the actual amount of prorated refunds sought for the class members described above more likely than not exceeds $5.6 million by a significant margin. (*See id.*)

31. As demonstrated, aggregating the claims of all class members as mandated by CAFA, 28 U.S.C. 1332(d)(6), the Breach of Contract/Unjust Enrichment Class alone meets the $5,000,000 minimum requirement to establish CAFA jurisdiction.

32. Thus, while Terminix denies that Plaintiff and the putative class members are entitled to any relief whatsoever and denies that Plaintiff's putative class should be certified, the requisite amount in controversy under CAFA is satisfied. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (in determining whether the amount in controversy is satisfied, the question is "what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover" (quoting *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir.2009)).

———————

For these reasons, Terminix respectfully removes this action from the Circuit Court for the 11th Judicial Circuit, in and for Miami-Dade County, Florida, to the

United States District Court for the Southern District of Florida, Miami Division, and requests that the Court exercise its subject-matter jurisdiction over this matter and grant such other and further relief to Terminix as is just and proper.

[SIGNATURE BLOCKS ON FOLLOWING PAGE]

                                                Respectfully submitted,

Dated:  January 14, 2022          By:  */s/ Barbara Fernandez*

Barbara Fernandez
Florida Bar No. 493767
Irain J. Gonzalez
Florida Bar No. 02408
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Tel: 305-358-7747
Fax: 305-577-1063
Primary Emails:
bfernandez@hinshawlaw.com;
igonzalez@hinshawlaw.com
Secondary: dconnolly@hinshawlaw.com;

M. Christian King, *pro hac vice forthcoming*
*cking@lightfootlaw.com*
Wesley B. Gilchrist, *pro hac vice forthcoming*
*wgilchrist@lightfootlaw.com*
Rebecca K. Hall, *pro hac vice forthcoming*
*rhall@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-0752

*Attorneys for Defendant The Terminix International Company, L.P.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 14th day of January, 2022, a true copy hereof was served via electronic mail and U.S. mail, first-class postage prepaid on the following:

Jordan A. Shaw, Esq.
Zachary D. Ludens, Esq.
ZEBERSKY PAYNE SHAW LEWENZ, LLP
110 S.E. 6th Street, Suite 2900
Fort Lauderdale, Florida 33301
jshawzpllp.com
zludens@zpllp.com
*Attorneys for Plaintiff*

                                                */s/ Barbara Fernandez*